402 P.2d 998

**The STATE of Arizona, Appellee,**

**v.**

**Antonio F. MORALES, Appellant.**

**No. 1432.**

Supreme Court of Arizona,

En Banc.

June 9, 1965.

Robert W. Pickrell, Atty. Gen., and Norman E. Green, Pima Co. Atty., for appellee.

Stanley W. Kimble, and Marguerite L. McNeill, Tucson, for appellant.

BERNSTEIN, Justice.

An information was filed against appellant and another in the Superior Court, Pima County, charging them with robbing a bartender at the El Sudan Bar, near Tucson, Arizona, in violation of A.R.S. §§ 13-641 and 13-643.

The case was tried three times. In the first trial, the Judge of the Superior Court decreed a mistrial because of the admission of a record of a misdemeanor conviction in a California court, introduced by the State for impeachment purposes. In the second trial evidence of this misdemeanor conviction was not used and the jury was unable to agree.

At the third trial appellant had served notice of an alibi defense under Rule 192, subsec. B, Rules of Criminal Procedure, 17 A.R.S., and supported his alibi by testifying himself and by the testimony of several witnesses. Evidence was introduced by the State to refute the alibi. The court then admitted as an exhibit the record of a conviction of the appellant for attempted burglary in 1958. This was a misdemeanor conviction in California for the reason that the sentence of the court was for six months in the county jail. The record of conviction was introduced for the purpose of impeachment. Appellant's objection to the admission of the California record was overruled by the court. It was agreed that the evidence of this prior conviction was admissible, if at all, only to impeach the credibility of the appellant.

The jury returned a verdict of guilty and appellant has appealed. The sole issue is the admissibility of the record of the California misdemeanor conviction. After appellant had testified that he was not in Arizona at the time of the robbery and had been excused as a witness, the State proposed to recall him for cross examination with regard to the California misdemeanor conviction. At a conference in chambers defense counsel objected, both on the grounds that recalling the appellant would lend undue emphasis to the prior conviction, and that since the conviction was for a misdemeanor, the record was inadmissible.

The court's ruling was that the State could introduce the record of the prior conviction as an exhibit, rather than recalling the appellant to the witness stand. The objection and ruling were repeated in open court. At the trial, and here, the State contends that this California misdemeanor conviction is admissible in Arizona under State v. Daymus, 90 Ariz. 294, 302–303, 367 P.2d 647. This record of prior conviction would not have been admissible in California. People v. Hamilton, 33 Cal.2d 45, 198 P.2d 873.

Daymus holds that only prior convictions for a felony may be introduced for impeachment purposes. Daymus admitted that he had been convicted of a felony under federal law. The crime was giving a false oath in bankruptcy, 18 U.S.C.A. § 152. The State here admits that the exhibit it introduced showed only conviction of a misdemeanor. The State argues that the California misdemeanor would have been a felony if committed in Arizona. The conviction involved in Daymus would have been admissible in federal court on the issue of Daymus' credibility, 18 U.S.C.A. § 3481 and cases cited in note.

The confusion has arisen because the sentence served in California by the defendant in this case was six months, whereas Daymus had been sentenced to only three months. In both Arizona and California whether a crime is a felony or a

misdemeanor is determined by the place of imprisonment. A.R.S. § 13–103. In State v. Garoutte, 95 Ariz. 234, 239, 388 P.2d 809, 812, we said:

> "The statute * * * divides crimes only into felonies and misdemeanors, and bases its classification on the term and place of imprisonment."

See Calif.Penal Code § 17 and People v. Hamilton, supra. The Arizona and California provisions are identical, and the Arizona provision was adopted from California. Under both the Arizona and California provisions the length of the sentence actually imposed may be decisive as to whether the crime committed was a felony or misdemeanor. Under the federal statute the sentence actually imposed is immaterial, as is the place of imprisonment. The test adopted by Congress is whether the offense is *punishable* for a term exceeding one year. 18 U.S.C.A. § 1. See People v. Theodore, 121 Cal.App.2d 17, 262 P.2d 630, 638:

> "While in California the rule is that the character of an offense punishable by imprisonment in the state prison or by fine or imprisonment in a county jail, is determined by the actual sentence imposed, the rule under the Federal law is that the length of *possible* sentence which *may* be imposed is determinative.

* * * * * *

> "Since the test to be applied in determining whether a person has been convicted of a felony or a misdemeanor when he has violated a federal statute, is the punishment that *may* be inflicted and not what was *actually imposed,* it is manifest that the trial court was correct in allowing the introduction into evidence of the record of appellant Theodore's prior conviction." (Emphasis in original).

The State's contention that the appellant's conviction would have been a felony in this state is based upon the assumption that an Arizona court would have imposed the maximum sentence if appellant had been convicted of the same crime here. That sentence would have been two and one-half years. A.R.S. § 13–302, subsec. B, § 13–110. No minimum sentence is provided by A.R.S. § 13–110. Both these sections were derived from California. Calif.Penal Code §§ 459–461, 664. The California judge could *also* have imposed a sentence of two and one-half years, thus making appellant's prior crime a felony, but did not do so.

Judgment reversed and remanded for a new trial.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.