404 P.2d 718

**STATE of Arizona, Plaintiff,**

v.

**James Claude MAY, Defendant.**
**No. 1 CA–CR 23.**

Court of Appeals of Arizona.
July 29, 1965.

Robert K. Corbin, County Atty., Irwin L. Bernstein, Asst. County Atty., Phoenix, for plaintiff.

Morton Sitver, Phoenix, for defendant.

WILLIAM W. NABOURS, Superior Court Judge.

The above entitled cause was certified to this Court pursuant to Rule 346, Arizona Rules of Criminal Procedure, 17 A.R.S., from the Superior Court of Maricopa County.

After due process the defendant entered a plea of guilty to the offense of "attempted burglary (second degree), a felony".

■ The matter was set for the imposition of sentence and at the time for sentence to be imposed, a question arose as to whether the offense charged and to which the plea of guilty had been entered, was punishable as a felony or as a misdemeanor. In the event that the offense charged was in fact and in law only a misdemeanor, then the inclusion of the words "a felony" in the information would not be controlling. Criminal Rule 346 is as follows:

"If upon a motion to quash an indictment or information or any count thereof, or if after verdict or finding of guilty but before sentence, any question of law arises which in the opinion of the trial court is so important and doubtful as to require the decision of the supreme court, the trial court

may, if the defendant consents, certify the case to the supreme court so far as necessary to present the question of law arising therein, and thereupon all proceedings in the action shall be stayed to await the decision of the supreme court."

This Court has jurisdiction pursuant to Section 12–120.21 A.R.S.

With the written consent of the County Attorney, the defendant and the defendant's attorney, the following question was certified to this Court:

"Under Sections 13–302 and 13–110, Arizona Revised Statutes (1956), what are the limits of the sentence which may be imposed on conviction of Attempted Burglary (Second Degree), and where must that sentence be served?"

Section 13–103, subsec. A provides:
"A felony is a crime or public offense which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor."

A.R.S. Section 13–1645 provides:
"Except when a different punishment is prescribed, an offense declared to be a felony is punishable by imprisonment in the state prison for not to exceed five years, and an offense declared to be a misdemeanor is punishable by imprisonment in a county jail for not to exceed six months, by a fine not exceeding three hundred dollars, or both."

■ The basic distinction between a felony and a misdemeanor is the permissible place of confinement. If the offense is a felony, the place of confinement is in the State Prison and if the offense is a misdemeanor, the place of confinement is in the County Jail. A.R.S. Section 13–1643, provides:

"A. When a person is convicted of a felony other than murder in the first degree and sentenced to imprisonment in the state prison, the court shall pronounce upon such person an indeter-

minate sentence of imprisonment in the state prison, stating in such sentence the minimum and maximum limits thereof, fixing as the minimum a term not less than the minimum prescribed for the punishment of such offense, and as the maximum not more than the maximum prescribed for the punishment of such offense.

"B. When a crime is declared punishable by imprisonment in the state prison for a term not less than a specified number of years, or not more than a specified number of years, the court may designate, in the sentence, such number of years as it deems proper as the maximum or minimum sentence."

A.R.S. 13–302, subsec. B, in part, provides:

"Burglary committed in the daytime is burglary of the second degree, punishable by imprisonment in the state prison for not to exceed five years."

There is no express statute in relation to the punishment of the offense of attempted burglary, second degree. Therefore, it is necessary to refer to the general statute prescribing the punishment for an attempt when not otherwise prescribed. A.R.S. Section 13–110 provides:

"A person who attempts to commit a crime shall be punished, where no provision is made by law for the punishment of such attempt, as follows:

"1. If the offense so attempted is punishable by imprisonment in the state prison for five years or more or by imprisonment in the county jail, by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one half the longest term of imprisonment prescribed upon conviction of the offense so attempted.

"2. If the offense so attempted is punishable by imprisonment in the state prison for any term

less than five years, by imprisonment in the county jail for not more than six months."

In the case of State v. Mileham, decided by this Division of the Court of Appeals and reported in 1 Ariz.App. 67, 399 P.2d 688 (1965), the interpretation of the word "punishable" was considered by the Court. It was there held that "punishable" refers to the statutory maximum which could be imposed as a sentence. This interpretation is supported in Slusher v. Commonwealth, 196 Va. 440, 83 S.E.2d 719 (1954), wherein an almost identical question was presented. The Court there stated, 83 S.E. 2d page 722:

"It is elementary that the word 'punishable,' as here used, means the maximum punishment which may be imposed."

The Supreme Court of California has had the identical question here presented before it, in the case of In Re Bandmann, 51 Cal.2d 388, 333 P.2d 339 (1959), and there ruled, page 342:

"From a careful reading of the two sections it is obvious that the Legislature intended that a crime carrying a five year maximum sentence should constitute the dividing line. In other words, if the substantive offense carries a maximum penalty of five years or more, subdivision 1 is applicable; if the substantive offense carries a maximum penalty of less than five years, subdivision 2 is applicable."

The California Court then went on to state:

"If we were to construe the two subdivisions of section 664 as contended by petitioner, we would have a hiatus at the five year mark since subdivision 1 would then provide for punishment for attempts where the maximum penalty for the substantive offense was *more* than five years with subdivision 2 providing for punishment for attempts where the maximum penalty for the substantive offense was *less* than five years."

 The Arizona statute having been adopted from California, the holding of the California Court, while not controlling, is certainly persuasive. This rule was also adopted by the Supreme Court of the State of Virginia in the case of Slusher v. Commonwealth, supra.

This interpretation is further strengthened by the provisions of A.R.S. 13–1649, providing for increased punishment for subsequent convictions. This section provides in part as follows:

"(1) If for an offense punishable for a first conviction by imprisonment *for a term exceeding five years*, by imprisonment in the state prison for not less than ten years.

"(2) If for an offense punishable for a first conviction *by imprisonment not exceeding five years*, by imprisonment in the state prison for not to exceed ten years." (Emphasis supplied.)

It is obvious from these provisions that the legislative intent is clearly set forth and if it had intended that the attempt provisions contained in A.R.S. 13–110, should mean "five years or less", they would have used the same language contained in the above quoted provisions rather than the expression "any term less than five years."

It is interesting to note that prior to 1951, when the increased punishment provision was amended to add certain other offenses, L.1951, Ch. 110, Par. 1., subdivision 2 of A.R.S. 13–1649, supra, contained the wording: " * * * by imprisonment in the state prison for five years, or any less term". When this wording is compared to the phrase "for any term less than five years", we believe there can be no question as to the interpretation of the statute.

 The question presented by the trial court must be answered as follows: the limits of the sentence that may be imposed upon a conviction of attempted burglary, second degree, is by imprisonment for a period of not more than two and one-half years; the place where the sentence is to be served depends upon the sentence imposed by the trial court, to wit: if the sentence is such that the offense is a felony, then the sentence would be served in the state prison; if the sentence is that of a misdemeanor, then the sentence would be served in the county jail.

The cause is remanded to the trial court for further proceedings.

CAMERON and DONOFRIO, JJ., concur.

Note: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge WILLIAM W. NABOURS was called to sit in his stead and participate in the determination of this decision.