430 P.2d 446

**The STATE of Arizona, Appellee,**

v.

**Syriah WALKER, Appellant.**

**No. 1 CA–CR 119.**

Court of Appeals of Arizona.

July 24, 1967.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Syriah Walker, in pro. per.

CAMERON, Chief Judge.

A complaint was filed on 15 November 1965 charging the defendant Syriah Walker with forgery committed on or about 20 September 1965 in violation of A.R.S. § 13–421. An information was filed in the Superior Court charging defendant with forgery on 10 December 1965. Defendant was arraigned and plead not guilty. Several continuances were granted on motion of counsel for the defendant. On 18 July 1966 a hearing was held before the Honorable Irwin Cantor. Defendant was present with counsel. The State moved to amend the information to charge the defendant with attempted burglary, second degree, in violation of A.R.S. § 13–301, 13–302, 13–108 and 13–110. The defendant waived the reading of the amended information and withdrew her former plea of not guilty to the original information for forgery. The trial court's minute entry of 18 July 1966 reads in part as follows:

"The Defendant is questioned by the Court as to her understanding of the procedure of change of plea. The Defendant advises the Court she does understand the procedure and wishes to change her plea to guilty to the charge of attempted burglary, second degree, as charged in the amended information."

The court accepted defendant's plea of guilty. Sentencing was set for 12 September 1966.

Defendant appeared on the date set for sentencing with counsel. The court entered a judgment of guilt. The minute entry and judgment reflect that the defendant was asked whether she could show any cause why sentence should not be pronounced, as required by Rule 330, Rules of Criminal Procedure, 17 A.R.S. Defendant could not and sentence was pronounced. The defendant was sentenced to a term of not less than two years nor more than two years and four months in the State Penitentiary.

The defendant filed an application for certificate of probable cause, which the trial court granted, and defendant was released on $2,000 bond. Defendant filed notice of appeal on 29 September 1966.

On 30 December 1966 this Court granted an order extending the time for filing appellant's opening brief to 2 March 1967. On 24 February 1967 defendant's counsel filed a motion to withdraw as counsel, citing lack of cooperation on the part of the defendant in the preparation of her appeal in that she failed to contact counsel, and repeated attempts by counsel to contact her by telephone, letter, and through her bonding company had failed. The motion was served upon the defendant. Time to file a response expired with no response being filed. The motion was granted and counsel was discharged from further obligation in relation to this appeal. A further extension of time for filing of an opening

brief was granted to 12 April 1967. No brief was filed. On 17 April 1967 the Court entered an order deeming the case submitted for consideration without argument pursuant to A.R.S. § 13–1715, which requires the Court to search the record for fundamental error.

The defendant's application for certificate of probable cause alleges that the sentence imposed upon the defendant is excessive and oppressive and that said sentence was imposed without a special hearing, and therefore defendant was denied due process of law.

 Division Two of this Court restated the law applicable to a review of the length of sentence imposed in State v. Martin, 3 Ariz.App. 119, 121, 412 P.2d 294, 296 (1966):

> "Within statutory limits, the penalty upon conviction of a crime is within the discretion of the trial court and such discretion will not be modified unless it clearly appears that the sentence imposed is excessive or otherwise constitutes an abuse of discretion. (citations omitted)"

The sentence imposed upon the defendant was within the statutory limits established by A.R.S. § 13–302, subsec. B and § 13–110, subsec. 1. See discussion in State v. May, 1 Ariz.App. 452, 404 P.2d 718 (1965). There was evidence before the trial court to indicate that the defendant had a history of arrests and convictions dating back to 1954. We find no abuse of discretion on the part of the trial court in imposing a sentence of two years to two years and four months.

It appears from the record that the trial court complied with the statutory requirements for sentencing. There was no denial of due process of law to defendant.

We have carefully examined the record before this Court on appeal, and we find no fundamental error.

The judgment is affirmed.

DONOFRIO and STEVENS, JJ., concur.