449 P.2d 315

The STATE of Arizona, Appellee,

v.

Richard NESTOR, Appellant.

The STATE of Arizona, Appellee,

v.

Grady WADY, Appellant.

Nos. I CA–CR 160, I CA–CR 161.

Court of Appeals of Arizona.

Jan. 15, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag and John W. Keogh, Asst. Attys. Gen., for appellee.

Marshall W. Haislip, Phoenix, for both appellants.

William S. Padley, Ogallala, Neb., co-counsel for appellant Nestor.

CAMERON, Judge.

Each of the defendants entered a plea of guilty to the crime of attempted grand theft (A.R.S. §§ 13–661, 13–663), were adjudged guilty, and sentenced to a term of not less than three nor more than five years in the Arizona State Prison (A.R.S. §§ 13–671, 13–110). Both defendants appealed to this Court from the judgment and sentence and the matters were consolidated for the purposes of appeal.

Appellants raise five different questions for our consideration, however, we believe that only one question need be considered by this Court and that is whether, under the circumstances in this case, the defendants had the right to know before they entered a plea of guilty if the crime to which they were pleading was a felony or a misdemeanor.

The facts necessary for a determination of this matter on appeal are substantially as follows. The defendants were accused in separate two-count informations of the crime of attempted grand theft and grand theft. The cases were consolidated for trial. Trial was commenced before a jury on 5 December 1967. On the morning of 6 December 1967 the attorneys for the two defendants represented to the court that the defendants wished to enter a plea of guilty to count number 1, attempted grand theft. The attorneys for the defendants informed the court that there was some doubt as to whether the defendants would be pleading guilty to a misdemeanor or a felony and that they had informed their clients that "in the event the court should determine that attempted grand theft is, in fact, a felony, that it is possible for him to be sentenced to a term in the State Prison." The court before accepting the plea made the following statements to defendant Grady Wady:

"Q  Do you understand that you are pleading guilty to the charge of attempted grand theft?

"A  Yes, sir.

"Q  And that even though the Court would see fit after full investigation

to place you on probation it would still be on your record?

"A Yes, sir.

"Q Do you understand that the Court on your plea of guilty to this charge could place you on probation or could possibly sentence you to the State Prison for a term up to five years or to the County Jail up to a period of six months and, also, possibly a fine?

"A Yes, sir." ·

And to the defendant Richard Nestor the court said:

"Q Do you understand you are entering a plea of guilty to the crime of attempted grand theft?

"A Yes, sir.

"Q Do you understand that on this entry of your plea of guilty that the court could sentence you to the Arizona State Prison for a term of up to five years or could sentence you to a County Jail for a term of up to six months and impose a fine or both, or could place you on probation?

"A Yes, sir.

"Q Do you understand that even though the court might see fit to place you on probation that by entering a plea of guilty to this charge that this would go on your record as a conviction to this particular crime?

"A Yes."

The pleas of guilty were accepted by the court and a motion of the County Attorney to dismiss the charges of grand theft was granted and the jury was discharged. On 8 January 1968 the court sentenced the two defendants and they prosecute this appeal.

■ It is the contention of the appellants that attempted grand theft is a misdemeanor and not a felony. § 13-671 A.R.S. provides:

"A. Grand theft is a felony punishable by imprisonment in the state prison for not less than one nor more than ten years."

§ 13-110 A.R.S. provides:

"§ 13-110. Punishment for attempt when not otherwise prescribed

"A person who attempts to commit a crime shall be punished, where no provision is made by law for the punishment of such attempt, as follows:

"1. If the offense so attempted is punishable by imprisonment in the state prison for five years or more * * * for a term not exceeding one half the longest term of imprisonment prescribed upon conviction of the offense so attempted.

"2. If the offense so attempted is punishable by imprisonment in the state prison for any term less than five years, by imprisonment in the county jail for not more than six months."

This Court has previously discussed the meaning of the word "punishable":

"In our opinion, the word 'punishable' refers to the statutory maximum which could be imposed for the offense which was charged." State v. Mileham, 1 Ariz. App. 67, 399 P.2d 688 (1965).

And in construing a conviction of attempted burglary, second degree, this Court has held that the crime was a felony rather than a misdemeanor. State v. May, 1 Ariz. App. 452, 404 P.2d 718 (1965). We therefore hold in the instant case that a charge of attempted grand theft under our statute is a felony rather than a misdemeanor.

■ The offense to which the defendants plead not being a misdemeanor, the defendants could well have been misled by the court's remarks and the remarks of their attorney as to the possibility of the crime to which they were pleading guilty being a misdemeanor. We feel and therefore hold that the defendants were entitled to a determination of this question by the court before they entered their pleas.

We are not here concerned with a situation wherein the statute expressly specifies that the offense could be a felony and could be a misdemeanor, the discretion being given to the judge who adjudicates guilt. A.R.S. § 13–253 is such a section. Our decision is limited to the facts in this case wherein the record reveals that the defendants could well have been misled into believing that the crime to which they were pleading guilty could be treated as a misdemeanor when it in fact was a felony. We express no opinion as to whether count two of the information can be reinstated in the event the defendants, or either of them, now pleads not guilty to count one.

The matter is reversed and remanded to the trial court with instructions to vacate the plea of guilty and allow the defendants to re-plead in this matter.

DONOFRIO, C. J., and STEVENS, J., concur.