450 P.2d 735

The STATE of Arizona, Appellee,

v.

Richard C. STAI, Appellant.

No. 2 CA–CR 121.

Court of Appeals of Arizona.

Feb. 27, 1969.

Gary K. Nelson, Atty. Gen., Carl Waag, Special Asst. Atty. Gen., Phoenix, for appellee.

O'Dowd & O'Dowd by Erik M. O'Dowd, Tucson, for appellant.

HATHAWAY, Judge.

The appellant pleaded guilty to leaving the scene of an accident, punishable by imprisonment in the County Jail for not less than thirty days nor more than one year, by a fine of not less than $100 nor more than $5,000, or both, A.R.S. § 28–661.

He was sentenced to a jail term of not less than nine months nor more than one year. On this appeal he contends that the sentence was excessive.

The defendant was convicted of leaving the scene of an accident which occurred on Wetmore Road in Tucson, on October 27, 1966, at approximately 1:30 a. m. At that time a pickup truck with two occupants was traveling westerly on Wetmore Road and was struck from behind by a car driven by the defendant. The truck then collided with a utility pole and threw the two occupants out. Both were injured, one quite severely. The car driven by the defendant veered off the road and crashed into the patio wall of the Fred Boyer home, adjacent to the road. Mr. Boyer came out of his house to investigate the crash and saw the defendant standing beside the car. Mr. Boyer went inside to put on warmer clothing since it was cold. When he came back out the defendant was gone. Another person, while en route to the accident, observed an unidentified person running away from the scene.

The defendant was tried to a jury and when the evidence was developed to the point established in the foregoing statement of facts, the defendant changed his plea from "not guilty" to "guilty." Sentencing was set for September 7, 1967, at 1:30 p.m., and copies of the minute entry order setting the time were sent to the county attorney and to defense counsel. The defendant did not appear for sentencing and a bench warrant was issued for his arrest. The bench warrant was later quashed and sentencing was set for September 20, at 9 a. m.

At the sentencing, defendant's attorney explained that the defendant's failure to appear at the previously scheduled time for sentencing may have been partly the fault of defense counsel; that defendant "didn't get his mail on time"; that the absence was not intentional and the court should not use the defendant's failure to appear "as a basis for feeling he wasn't responsible."

Counsel points out on appeal that the trial judge stated that he was " * * * not going to consider * * * at all, the nonappearance of Mr. Stai, at the time previously set for sentencing." The judge continued:

"However, in that connection, it appears to the court that some indication of lack of responsibility must exist. I think, Mr. Stai, that you must have been aware that the sentencing would be within somewhat of a reasonable time; that you would have made special effort to try and keep in communication with your attorney so that he would advise you of this proceeding."

The judge observed that, " * * * if we were to use the guide set forth by the National Council on Crime and Delinquency, a very fine case for probation would be indicated." He concluded, however, that "throughout this whole proceeding, it is indicated that you have had an utter indifference to injury to other people, injury to property * * *," and thereupon sentenced the defendant.

Counsel recognizes the discretion invested in the court in imposing sentence, but contends that the trial court abused its discretion, arguing that, after recognizing the defendant as a "very fine case for probation," and after stating that he would not consider the defendant's absence at the previously scheduled time for sentencing, the court proceeded in a contrary direction.

■ The power to revise or reduce a sentence on appeal must be exercised with great caution and should be exercised only when it clearly appears that the trial court has abused its discretion. State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967); State v. Corrales, 95 Ariz. 401, 391 P.2d 563 (1964); State v. Jones, 95 Ariz. 4, 385 P.2d 1019 (1963), cert. denied, 379 U.S. 852,

85 S.Ct. 97, 13 L.Ed.2d 55; State v. Walker, 6 Ariz.App. 100, 430 P.2d 446 (1967).

· The sentence was clearly within the statutory limits. The trial judge's remarks concerning the defendant's absence at the prior sentencing would seem to indicate that the court felt that the defendant had a responsibility for informing himself of the sentencing date. The defendant left two injured persons in an accident which he caused at an early morning hour when they may not have been readily discovered. Fortunately, persons in the neighborhood were aroused and came to their aid. We find no abuse of discretion in the length of the sentence imposed.

We raise, however, on our own motion, another question: Does the law of this state permit the imposition of an indeterminate sentence in misdemeanor cases? We are of the opinion that it does not. A.R.S. § 13-1643 provides that indeterminate sentences shall be given in *felony* cases, other than murder in the first degree. No provision is made for such sentences where the defendant is sentenced to a county jail on a misdemeanor charge.

Our Supreme Court has indicated that where an indeterminate sentence is imposed, the actual sentence is the *maximum* period specified. The purpose of specifying the minimum period is to establish a time at which the prisoner may apply to the Board of Pardons and Paroles, under the provisions of A.R.S. § 31-401 et seq., for permission to serve a portion of the sentence outside the prison walls. Orme v. Rogers, 32 Ariz. 502, 260 P. 199 (1927); Clark v. State, 23 Ariz. 470, 204 P. 1032 (1922). We find no statutory provision whereby the Board of Pardons and Paroles is given such discretionary power in the case of a prisoner held in a county jail. Since the actual sentence is the maximum period specified, the sheriff could lawfully detain the prisoner for the maximum term. This renders the minimum provision nugatory.

Apparently, the trial court in this case did not intend to impose a sentence of one year without the possibility of an earlier release.

The sentence is vacated and the cause is remanded for resentencing.

MOLLOY, C. J., and KRUCKER, J., concur.