475 P.2d 6

**The STATE of Arizona, Appellee,**

**v.**

**Arnold Robert BERNAL, Appellant.**

**No. 2 CA–CR 225.**

Court of Appeals of Arizona, Division 2.

Oct. 5, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag and Jacob Leon Siken, Asst. Attys. Gen., Tucson, for appellee.

Wood, Platt & Jenson, by Dennis D. Jenson, Coolidge, for appellant.

KRUCKER, Judge.

Defendant, Arnold Robert Bernal, was charged with and convicted of assault with a deadly weapon in violation of A.R.S. § 13–249, as amended. He was sentenced to the Arizona State Prison for a term of not less than five nor more than seven years. Appeal is taken from this conviction and a denial of defendant's motion for a new trial.

Mr. Bernal had been drinking with two companions, Mr. Martinez and Mr. Casillas, in a bar in Superior, Arizona. Bernal and Casillas got into an argument, went outside, and engaged in a fight. They were separated by Martinez, and Bernal then went to his truck and obtained a rifle. A shot was fired striking Casillas in the leg. Mr. Bernal and Mr. Martinez then took Mr. Casillas to the hospital. Mr. Bernal plead not guilty to the assault charge on the grounds that the shooting was an accident. The jury returned a verdict of guilty.

Three questions are raised by this appeal:

(1) Was it error for the trial court to advise the jury that the previous conviction of defendant in California was a felony?

(2) Was the trial court's refusal to give the defendant's requested instruction on non-flight error?

(3) Was the deputy county attorney guilty of misconduct which should have caused the trial court to grant a motion for a new trial?

Defendant first contends that it was error for the trial court to advise the jury that defendant had been convicted of a felony. In particular, defendant contends both that it was prejudicial for the court to so instruct the jury, and that since a California record of conviction was never admitted into evidence, it was highly improper to even indicate defendant had been convicted of a crime.

In the instant case, defendant was asked whether he had ever been convicted of a felony. He answered no. At this point, defendant's counsel asked leave to approach the bench. Out of the hearing of the jury, counsel presented their arguments to the court as to whether or not the prior conviction of defendant was for a felony or a misdemeanor. The court determined it was a felony.

"THE COURT: There is nothing in there to indicate that it is a misdemeanor. The Court is aware of the procedure in California of sentencing to a short term in the county jail prior to proceeding on the probationary period. It's indicated that the crime is punishable by imprisonment in the state prison. That imposition of sentence was postponed for a period of three years probationary period. It's the understanding of the Court that if the matter were actually only a misdemeanor that a probationary period of three years would be grossly and highly improper. So it is the finding of the Court that insofar as the crime of—"

\*　　\*　　\*　　.\*　　\*　　\*

"THE COURT: \* \* \*—violation of section 484 AB in parenthesis six in parenthesis (sic) is a felony and punishable by imprisonment in the state prison of California."

The jury was then recalled. The State again asked defendant if he had ever been convicted of a felony. The interchange was as follows:

"Q  I believe the last question I asked you, Mr. Bernal, was whether or not you had ever been convicted of a felony.

A  No.

Q  Is it not true that in April of 1967 you were convicted in the Superior Court of the State of California in and for the County of Los Angeles of knowingly, without any authority to do so, and with the intent to defraud, using the credit card of another person for the purpose of obtaining goods, property, and services in excess—in value in excess of fifty dollars?

A  Yes, but that was a misdemeanor.

Q You are under the impression it was a misdemeanor; is that right?

A It was a misdemeanor.

MRS. MORING: I would ask the Court to instruct the jury that the Court has found as a matter of law the offense with which Mr. Bernal was convicted to have been a felony."

At this point, counsel requested and received from the court the following statement:

"THE COURT: The record may show that the following research and discussion between Court and counsel that it was the specific finding of the Court that the crime of which the defendant has just now admitted conviction is a felony."

Counsel for defendant moved for a mistrial, and it was denied. Cross-examination then proceeded on other matters.

■ A.R.S. § 13–163 provides that a defendant who offers himself as a witness may be examined as any other witness. Thus, it has long been established in this jurisdiction that generally a witness can be asked if he was convicted of a felony. If he answers yes, inquiry may be made as to the number of convictions, names and nature of the crimes and places committed. If he answers incorrectly, the facts may be shown by the record. State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081 (1959); State v. Hudson, 89 Ariz. 103, 358 P.2d 332 (1960); State v. Hilliard, 89 Ariz. 129, 359 P.2d 66 (1961).

To begin, we do not believe the record supports defendant's contention that there is insufficient evidence in the record to support the determination that defendant was convicted of any crime. Not only does defendant admit the conviction, but the entire tenor of the argument of counsel in chambers subsequent to the second inquiry indicates that both parties conceded the conviction, but were merely concerned with its denomination as a felony or a misdemeanor.

We therefore pass to the question of whether or not the conviction in question was a felony or a misdemeanor, and whether the trial court was correct in so instructing the jury.

■ First, we believe that it appears the court had before it papers indicating what crime defendant had been convicted of in California and that his sentence had been three years probation with some time in the county jail. The Court noted that California law, Penal Code 484a(b) (6), decreed the crime was a felony. The probation time in the county jail was not a sentence, but a condition of probation. Likewise, defendant here has not pointed to any evidence discrediting this finding. We therefore uphold the trial court's determination.

■ As to the question of whether the court should have so instructed the jury, we have found no precise case in point, but do not believe the trial court erred here in resolving the dispute as to the nature of the crime and by stating its conclusion to the jury. Cases do support the determination of the question as a question of law and set rules for the courts so determining. State v. Morales, 98 Ariz. 169, 402 P.2d 998 (1965). Knowing the court's resolution of the question in chambers, defendant had merely to answer the second conviction question in the affirmative, and there would have been no need for a statement. At the same time, he could have made sufficient objection to preserve his record. Since defendant failed to do this, the court was virtually obligated to resolve the question before the jury since defendant insisted on bringing it before them when he insisted his conviction was not for a felony.

Defendant next contends it was error for the trial court to refuse to give defendant's requested non-flight instruction. The instruction was requested to allow the jury to believe defendant when he said the shooting had been an accident because he had assisted the injured man to the hospital and had not fled.

■■ Our Supreme Court has already answered this inquiry in State v. Sorensen, 104 Ariz. 503, 455 P.2d 981 (1969), and in State v. Michael, 103 Ariz. 46, 436 P.2d 595 (1968). When the court gives a proper instruction on presumption of innocence, there is no need for a non-flight instruction. In fact, some courts consider the giving of such an instruction an unallowable comment on the evidence, State v. Anderson, 207 Or. 675, 298 P.2d 195 (1956). This is true because, as Judge Hathaway said in *Sorensen*, supra:

"* * * Instructions on flight seem to be premised on '* * * the supposition that with a consciousness of guilt, "the wicked flee when no man pursueth" to avoid punishment,' * * * [Citations omitted] Considering the rest of the proverb, '* * * but the righteous are bold as a lion,' it would seem to follow that boldness infers innocence. Contemplated, however, is the state of mind of the guilty and the innocent. Verily, flight to escape detection or capture is circumstantial evidence of guilt. Absence of flight under other circumstances may seem far better calculated to avoid detection. *Absence of flight does not necessarily reflect the state of mind.* Would that detection of criminals were so simple." (Emphasis added) 104 Ariz. at 509, 455 P.2d at 987.

■ Lastly, defendant contends it was error for the trial court to deny defendant a new trial. In particular, he contends the county attorney's final summation was so rude as to be prejudicial.

We do not have a transcript of the closing arguments. Defendant contends counsel tore up pieces of paper, threw a pencil on the desk, and giggled. These facts were attested to by affidavit of one Viviano Sanchez.

We must reject defendant's contention here that rude conduct is reversible error. Defendant has not shown he was prejudiced by any misquoted evidence or improper statements. In fact, it may be that defendant's case was aided by such conduct on the part of the State.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.