475 P.2d 742

The STATE of Arizona, Appellant,

v.

Thomas Edward HENDERSON, Appellee.

No. 2 CA–CR 234.

Court of Appeals of Arizona, Division 2.

Oct. 28, 1970.

Rehearing Denied Dec. 2, 1970.

Review Denied Jan. 26, 1971.

Gary K. Nelson, Atty. Gen., Phoenix, Rose Silver, Pima County Atty., by David G. Dingeldine, Deputy County Atty., Tucson, for appellant.

Soble & Cole, P. C., by Joseph H. Soble, Tucson, for appellee.

KRUCKER, Judge.

Defendant, Thomas Edward Henderson, by an information filed October 17, 1969,

was charged with attempted burglary in violation of A.R.S. § 13–302, as amended, and A.R.S. § 13–110. Pursuant to a plea of not guilty, trial was set for March 31, 1970.

On March 27, 1970, the information was amended by the trial court to a charge of attempted burglary, first degree. The defendant, who was present and represented by counsel, entered a plea of guilty to the amended charge.

On April 13, 1970, defendant appeared for sentencing and the trial judge found him guilty of a misdemeanor and suspended the imposition of sentence for a period of one year. From this action, the State appeals under the provisions of A.R.S. § 13–1712(6), as amended.

Our statute, A.R.S. § 13–110, provides for punishment for attempted crimes as follows:

"§ 13–110. *Punishment for attempt when not otherwise prescribed*

A person who attempts to commit a crime shall be punished, where no provision is made by law for the punishment of such attempt, as follows:

1. If the offense so attempted is punishable by imprisonment in the state prison for five years or more or by imprisonment in the county jail, by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one half the longest term of imprisonment prescribed upon conviction of the offense so attempted.

2. If the offense so attempted is punishable by imprisonment in the state prison for any term less than five years, by imprisonment in the county jail for not more than six months.

3. If the offense so attempted is punishable by a fine, by a fine not exceeding one half the largest fine which may be imposed upon a conviction of the offense so attempted."

4. If the offense so attempted is punishable by imprisonment and by a fine, by both imprisonment and fine not exceeding one half the longest term of imprisonment and one half the largest fine which may be imposed upon a conviction for the offense so attempted.

The crime of burglary, first degree, is punishable by imprisonment in the state prison for not less than one year nor more than fifteen years, A.R.S. § 13–302, subsec. B, as amended.

■ The law is clear in Arizona that the punishment imposed by a court is determinative of the status of the crime committed, i. e., whether it is a felony or a misdemeanor. State v. Morales, 98 Ariz. 169, 402 P.2d 998 (1965).

However, this is not the question confronting us here. The question before this court is whether the lower court, under the attempt statute (A.R.S. § 13–110) had the authority to treat the crime of attempted burglary, first degree, as a misdemeanor.

We already have a body of law from the Court of Appeals on this subject. State v. Albe, 10 Ariz.App. 545, 460 P.2d 651 (1969); State v. Nestor, 9 Ariz.App. 79, 449 P.2d 315 (1969); State v. Amey, 7 Ariz. App. 59, 436 P.2d 153 (1968); State v. Walker, 6 Ariz.App. 100, 430 P.2d 446 (1967); State v. Dunbar, 4 Ariz.App. 100, 417 P.2d 734 (1966).

We must look to the possible punishments for the principal crime—burglary, first degree. Under the statutes, punishment provided for burglary, first degree, is not less than one nor more than fifteen years in the state prison. It can then be determined which subsection of the attempt statute, A.R.S. § 13–110, applies. In *Nestor*, supra, the crime was attempted grand theft, and the court held that paragraph one of A.R.S. § 13–110 would apply. The crime in *Nestor* was punishable "by five years or more."

■ Here, we believe paragraph one should also apply to the crime of attempted

burglary, first degree. It must be treated as a felony, and the court passed a sentence that was illegal under the provisions of A.R.S. § 13–1712(6). The judgment of the trial court is therefore reversed and the case remanded to the trial court for proper sentencing.

HOWARD, C. J., and HATHAWAY, J., concur.