417 P.2d 527

**STATE of Arizona, Appellee,**

v.

**Joseph William JANOVIC, Jr., Appellant.**

No. 1379.

Supreme Court of Arizona.

In Banc.

Aug. 2, 1966.

Rehearing Denied Sept. 20, 1966.

Darrell F. Smith, Atty. Gen., Philip M. Haggerty, Asst. Atty. Gen., for appellee.

Minne & Sorenson, Phoenix, Lawrence & Lawrence, Chicago, Ill., for appellant.

STRUCKMEYER, Chief Justice.

Appellant Joseph William Janovic, Jr., pleaded guilty to the crime of first degree murder and from the sentence of death brings this appeal.

This is a companion case to Cause No. 1380, State of Arizona v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (decided this date). The principal issues raised in this case were extensively considered in the Kruchten appeal. Here, as there, appellant urges the inadequacy of trial counsel's representation and a prejudicial conflict of interest because of the joint representation of himself and his co-defendant Kruchten. While Janovic argues from a slightly different perspective, the questions raised are the

same and our reasons for finding the representation adequate need not be repeated.

The additional issue presented concerns our requested finding of fact No. 5 and conclusion of law No. 3 as to whether Janovic had the benefit of a psychiatric examination as ordered by the superior court and whether he should have had the benefit of such a psychiatric examination before entering a plea of guilty. The questions as to the necessity for a psychiatric examination came about in this manner: Ralph Brandt, former counsel for Janovic and Kruchten, wrote Mrs. Janovic on June 27, 1963, in part:

"I am having him taken to Phoenix to be examined by two psychiatrists, who will have the benefit of the Marine Corps records before them. I believe the affect of this proceeding at least will cause the judge to have a cause for leniency under a plea of guilty of first degree."

From the minutes of the Superior Court of Yuma County, dated July 5, 1963, the following then appears:

"Counsel for the defendants now states that by stipulation defendant, Janovic, may be examined by a state psychiatrist and the report to be made available before the entry of plea for either of the defendants. This examination applies only as to defendant Janovic. Defendants now waive the time period and their right to a speedy trial.

"IT IS ORDERED that pursuant to stipulation the Order shall be prepared by the County Attorney for the examination of defendant Janovic and the original be filed with the Court. The sheriff will have the duty to take the defendant to the state hospital and keep him in custody. IT IS FURTHER ORDERED that the time for entering plea as to each of the two defendants is continued to July 17, 1963 at 9:00 A.M."

The psychiatric examination as ordered by the superior court on stipulation of the State and defense counsel was never given.

The reason why the examination was not given was explained by Ralph Brandt, counsel for Janovic, at the coram nobis hearing:

"Q In regard to the Defendant Janovic aside from the fact that there was in the Defendant Janovic's background the situation involved in the military, was there any indication to you that the defense of insanity might very well be presented in his defense?

"A His demeanor throughout my representation was much the same as it was on the stand here when he gave his testimony. I think unusually intelligent. He was able to express himself. He had an excellent recollection for times, dates, names. And it was my opinion, my judgment and in my representation of him that we would be better off with the question in the Court's mind or in the jury's mind as the case may be arising by virtue of his military record without an exam which may erase that question.

"The Supreme Court, in its mandate, uses the term, was Janovic deprived of the 'benefit' of a psychiatric exam. *They are there assuming that this psychiatric evaluation would have been beneficial. I determined, and it was my judgment that a psychiatric exam would not have been beneficial,* that a psychiatric exam most likely would have erased the problem and the question that we had invoked in the Court's mind by the stipulation, the order, the initiation and the record of the Marine Corps. Part of it, as I say, this is a matter of judgment on my part. Part of what I thought would be the best strategy of defense." (Emphasis supplied.)

Janovic's record with the Marine Corps of the United States Navy was introduced as an exhibit at the hearing on mitigation after his plea of guilty. His enlistment was terminated on February 25, 1959, "by reason of honorable discharge (COG) as unsuitable for military service." The Board of Medical Survey of the United States Naval

Hospital at Philadelphia, Pa., reported, on February 11, 1959:

"During his stay in the hospital the patient was interviewed regularly and observed regarding his relationship to other patients and staff personnel. Interviews revealed evidence of a mal-developed personality structure manifested by continuous anxiety, insomnia, restlessness and emotional instability manifested by rash and thoughtless acts done on the spur of the moment.

"After an adequate period of observation and treatment the patient's case was reviewed by a conference of staff psychiatrists who were of the opinion that this patient suffered from an emotional instability reaction as manifested by inappropriate and sudden outbursts and acts, easily aroused feelings of anxiety and hostility, and a poor work and social adjustment, which precluded furthe. usefulness to the Navy. It was agreed that the appropriate diagnosis was Emotional Instability Reaction. Therefore, on 19 January 1959 the diagnosis was retained as Emotional Instability Reaction, #3210, chronic, severe, manifested by frequent fluctuating mood changes with inability to handle aggression, depression, episodes of somatic symptomatology; stress, none apparent; predisposition, undetermined; incapacity, marked, as related to effective military service, making him unsuitable for retention in the U. S. Marine Corps."

■■ It has been uniformly held in this state that the rule of M'Naghten's case is the test for criminal responsibility. State v. Schantz, 98 Ariz. 200, 403 P.2d 521. There is no evidence whatsoever that Janovic was laboring from a defect of reason so as not to know the nature and quality of his act or, if he did know, that he did not know he was doing what was wrong.

■■ We conclude that Brandt's decision to rely upon the psychiatric evaluation of Janovic's personality defects by the Board of Medical Survey, U. S. Naval Hospital as being more beneficial than an examination by court-appointed doctors cannot be criticized. Mental disorders less extensive than required by the rule in M'Naghten's case are not admissible to a jury on a plea of not guilty, State v. Narten, 99 Ariz. 116, 407 P.2d 81, and could only be considered in a capital case on a plea of guilty on a hearing in mitigation.

Janovic urges that the record in this case discloses repeated disagreements between present defense counsel which have arisen since the judgments of conviction and the sentencing. We do not consider, because present counsel for Kruchten and Janovic do not see eye-to-eye, that such establishes the inadequacy of representation by Brandt two and one-half years before or that there was then a conflict in interest arising out of present speculation as to possible differences in moral culpability. We are not impressed by the argument that the appointment of independent counsel for Kruchten would have afforded Janovic the opportunity whereby his retained counsel could have devoted his full time and energy to Janovic's defense rather than a division of time and effort in the representations.

■ We note the argument that the failure to provide Janovic with a lawyer at the time of his written confession obtained by the Federal Bureau of Investigation in Chicago, Illinois, deprived him of the effective assistance of counsel guaranteed by the Sixth Amendment of the Constitution of the United States. As we said in Kruchten's case, a decision on this point is unnecessary to a determination of the appeal. Palpably, the State could have established a prima facie case of first degree murder without the confessions.

■ Janovic urges that the imposition of the death penalty was too harsh and that this Court should order it reduced to life imprisonment. This is a matter which has been uniformly left to the discretion of the trial court. State v. Alford, 98 Ariz. 124, 402 P.2d 551, reh. den. 98 Ariz. 249, 403 P. 2d 806, cert. den. 382 U.S. 1020, 86 S.Ct. 625, 15 L.Ed.2d 535; State v. Robinson, 89

Ariz. 224, 360 P.2d 474; Patten v. State, 50 Ariz. 32, 68 P.2d 669; Shaughnessy v. State, 43 Ariz. 445, 32 P.2d 337. We see no reason to deviate from that rule at the present time. Cf. State v. Valenzuela, 98 Ariz. 189, 403 P.2d 286.

Judgment affirmed.

BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concurring.

NOTE: Justice LORNA E. LOCKWOOD did not participate in this decision.