436 P.2d 153

**STATE of Arizona, Appellee,**
v.
**Albert AMEY, Appellant.**

**No. I CA–CR 129.**

Court of Appeals of Arizona.

Jan. 17, 1968.

Rehearing Denied Feb. 27, 1968.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

DONOFRIO, Judge.

This is an appeal from a judgment finding defendant guilty of the crime of attempted burglary in the second degree, a felony, and sentencing him to the "State Penitentiary at Florence, Arizona" for a term of not less than two nor more than two and one-half years, to run consecutively with a sentence imposed in Cause No. 49074 out of the same court.

Defendant filed notice of appeal and a pauper's oath pro se. The trial court found him to be an indigent and ordered the county to pay costs of the record and transcript. The court at the same time appointed the Public Defender of Maricopa County to represent him on the appeal.

■ The Public Defender advised this court that he had examined the record carefully and could not find any reversible error of which to complain and moved to submit the matter on the record for fundamental error. This was in conformity with the practice approved in State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964).

In the interim, the United States Supreme Court on May 8, 1967 decided the case of Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. This court thereupon requested counsel for defendant to review the Anders case and comply with that decision in the representation of his client. The court at the same time extended the time for filing of opening brief. Counsel for defendant thereafter filed his opening brief, setting forth three questions for review. The Attorney General filed an answering brief after which defense counsel filed his reply brief. We then ordered the matter submitted.

At the outset, we wish to commend Mr. Grant Laney, an experienced and able member of the Bar, for the briefs herein raising questions that might arguably support the appeal. We adopt this method as being within the law as stated in Anders.

The facts necessary for a proper consideration of this case are as follows: On May 26, 1966 defendant, along with another, was charged with burglary in the first degree of a store in Phoenix. On June 29 at the time set for preliminary hearing, defendant appeared with counsel and was granted a severance. At the hearing witnesses testified and identified defendant as one who was seen running from the scene of the burglary. He was bound over for the crime of burglary on the same day. On July 18 an information charging defendant with burglary in the first degree, a felony, was filed. Meanwhile defendant was taken to prison on another charge so that it was necessary for the court to make an order directed to the sheriff and warden to have defendant present in court for the purpose of pleading to the charge. On August 10 he was brought before the court and the minute entry reads:

"Jay Bundy present for the State. Deft. present with counsel, H. B. Daniels. Art Klein, Court Reporter, present.

"A copy of the information furnished counsel. Deft. states his true name is as shown on the information; waives the reading thereof; enters his plea of NOT GUILTY thereto; WAIVES the 60 day

period, and requests 20 days within which to file motions.

"IT IS ORDERED setting this cause for trial on November 2, 1966, at 9:30 a.m., and ORDERED granting the Deft. 20 days within which to file motions.

"Information slip delivered to the Deft."

The record shows that on November 17 the court again ordered the warden to have defendant in attendance before the court on November 22. On November 22 the record reads:

"Louis R. Pearlman present for the State Deft. present with counsel, James Freedman. Art Klein, Court Reporter, present.

"IT IS ORDERED vacating the trial date of November 2, 1966, and resetting for trial on December 14, 1966, at 9:30 a.m."

On December 5 the court appointed the office of Public Defender to represent the defendant. Counsel for defendant and the deputy County Attorney discussed the possibility of defendant's pleading to a lesser offense. Thereafter an amended information was filed, charging the crime of burglary in the second degree, a felony. This was done pursuant to a stipulation signed by defendant, his attorney, and the County Attorney, which reads as follows:

"It is hereby stipulated by defendant and his counsel that this amended complaint is filed without objection for the purpose of entering a plea of guilty; it is further stipulated that if at a subsequent time, this plea be withdrawn for any reason, this information may be re-amended without objection to allege the charge contained in the original information."

We set forth pertinent portions of the reporter's transcript at the time of the change of plea, Mr. Zussman representing the defendant:

"MR. ZUSSMAN: You understand this charges you with attempted burglary second degree? Any promises been made to you?

"THE DEFENDANT: No.

"MR. ZUSSMAN: Anybody used any threats or force to force you to plead?

"THE DEFENDANT: No.

"MR. ZUSSMAN: You understand this Court will not sentence you, another Court will have your matter, and that Court can sentence you to imprisonment in the State Penitentiary up to a term not to exceed two and a half years, or give you probation, or it can be a misdemeanor—and before I go further, may I respectfully move to strike the words 'a felony' from the body of the Information, because I feel that is—the Court sets that upon sentencing time.

"MR. MARTIN: No objection.

"THE COURT: We will grant the motion. Strike the word 'felony'.

"MR. ZUSSMAN: You wish to plead to this of your own free will? You understand what you are doing?

"THE DEFENDANT: Yes.

"MR. ZUSSMAN: How far did you go in school?

"THE DEFENDANT: I have no schooling.

"MR. ZUSSMAN: But you understand this could be a felony? You could go to the State Prison?

"THE DEFENDANT: Yes.

"MR. ZUSSMAN: It depends on the sentencing Judge.

"THE DEFENDANT: Yes.

"MR. ZUSSMAN: And you want to plead to attempt to commit a burglary of Nelson McCorvey at 2803 East Broadway?

"THE DEFENDANT: Yes.

"MR. ZUSSMAN: We request permission to withdraw the former plea of not guilty entered to the original Information, and enter a plea of guilty to the Amended Information charging attempted burglary second degree.

"THE COURT: If I read the record right, you are now serving time in prison. You were in prison when brought up here?

"THE DEFENDANT: Yes.

"THE COURT: You understand the proceedings we are having?

"THE DEFENDANT: Yes.

"THE COURT: You have any questions? Mr. Zussman speak to you?

"THE DEFENDANT: No.

"THE COURT: Any threats been made to you to get you to plead guilty here today?

"THE DEFENDANT: No.

"THE COURT: Anybody make any promises to you to get you to plead guilty?

"THE DEFENDANT: No.

"THE COURT: In the Amended Information Attempted Burglary (Second Degree) it says that on May 26 of this year you attempted to commit burglary of a store of Nelson McCorvey, 2803 East Broadway. You understand that charge?

"THE DEFENDANT: Yes.

"THE COURT: And is that the charge you wish to plead guilty to?

"THE DEFENDANT: Yes."

■ Counsel urges in his brief that defendant was misled into pleading guilty to a felony charge when the court ordered the words "a felony" stricken from the information. With this we cannot agree, especially since they were stricken at his attorney's request with the explanation made that whether it is to be a felony will be determined at the time of sentencing. The crime of attempted burglary in the second degree is not by definition a felony. Attempted burglary can be either a misdemeanor or a felony, depending on the sentence imposed. State v. Morales, 98 Ariz. 169, 402 P.2d 998 (1965). A crime which may be punishable by imprisonment in the state prison can be deemed a felony until sentence is passed fixing a term to be served in the county jail. State v. Vineyard, 96 Ariz. 76, 392 P. 2d 30 (1964). We cannot see any prejudice to or misleading of the defendant by designating the crime originally as a felony in the information and later striking these words and accepting a plea thereon. The record is clear that the defendant had had it explained to him that the sentence would determine whether it would be a felony or a misdemeanor.

■ Defense next urges that requiring defendant, along with his attorney, to sign the stipulation hereinbefore quoted had the effect of coercing him into pleading guilty. We do not agree. There is nothing to show the act was anything but voluntary under advice of counsel. Pleading guilty to a lesser offense is a process used and acknowledged as a part of the criminal procedure in nearly all jurisdictions. Our Supreme Court has recognized the existence of such practices in State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963), and stated, "If such bargaining did in fact take place it shows only that defendant was willing to seek the mercy of the court". 93 Ariz. 309, 380 P.2d 606.

The United States District Court for the District of Oregon stated in Barber v. Gladden, 220 F.Supp. 308, aff. 9 Cir., 327 F.2d 101, cert. den. 377 U.S. 971, 84 S.Ct. 1654, 12 L.Ed.2d 741, as follows:

> "These are commonplace occurrences in courts throughout the country. We do it in the Federal District Court. * * * In many courts, particularly State courts, a defendant's lawyer and the prosecutor may bargain not only on the offense, but also on the length of the sentence which the prosecutor will recommend."

We cannot agree that defendant was in any way coerced, because the County Attorney's office made it perfectly clear to him that the amended information was for the purpose of taking a guilty plea only. He was made aware only of the consequences if he changed his plea. These consequences are no worse than those he faced before the change.

■ The final contention of defendant is that he was sentenced to the State Penitentiary instead of the State Prison. He states that the words "prison" and "penitentiary" are not synonymous, and since the State Prison is the statutory place for felons to be incarcerated, the sentence was improper. We hold, however, that although the proper term is "prison" because of the statute, in Arizona a prison and a penitentiary are one and the same. Black's Law

Dictionary, 4th Edition, 1951, defines a penitentiary as "a prison or place of punishment; the place of punishment in which convicts sentenced to confinement and hard labor are confined by the authority of the law." In State v. Delmonto, 110 Conn. 298, 147 A. 825, 826, in a similar situation the court held that the words "prison" and "penitentiary" were synonymously used to designate institutions for the imprisonment of persons convicted of the more serious crimes. Arizona has only one such place and that is the State Prison at Florence. The sentence read "State Penitentiary at Florence, Arizona".

On the basis of our own examination of the record and on a study of the briefs submitted by counsel, we find that no prejudicial error was committed. We further find that the rule laid down by the Supreme Court of the United States in Anders, supra, has been fully complied with; that counsel for the indigent defendant has presented every arguable point of the record to the court and the court has conducted its own search for fundamental error. Finding none, we affirm the decision of the lower court.

CAMERON, C. J., and STEVENS, J., concur.