441 P.2d 71

**STATE of Arizona, Appellee,**

v.

**Kenneth H. OLBEKSON, Appellant.**

**No. 1 CA–CR 135.**

Court of Appeals of Arizona.

May 16, 1968.

Darrell F. Smith, Atty. Gen., by, Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by, Grant Laney, Deputy Public Defender, for appellant.

STEVENS, Judge.

This is an appeal by the defendant, Olbekson, from a judgment of guilt and sentence entered on a charge of Grand Theft, a felony, for violation of A.R.S. §§ 13–661 and 13–663.

On 27 December 1966, a criminal complaint was entered in the Northwest Phoenix Justice Court charging the defendant and three other persons with Count I, Robbery, a felony, and Count II, Assault with Intent to Commit Robbery, a felony. A preliminary hearing was held on 11 January 1967. The defendant was represented by the Public Defender at this time. At the conclusion of the preliminary hearing, the Justice of the Peace found that there was probable cause on both counts. An information was filed in the Superior Court for Maricopa County on 24 January 1967 charging the defendant with the same two offenses. Arraignment in the Superior Court was held on 30 January 1967 at which time the defendant plead not guilty. A trial date was set for 6 March 1967. On 6 March 1967, in the Superior Court, the defendant withdrew his former pleas of not guilty and entered a plea of guilty to an amended information charging Grand Theft, a felony. The defendant was represented by the Public Defender at the arraignment of 30 January and at the time that his plea of guilty was entered. When the amended information was filed it was stipulated by the defendant and his counsel that the amended information was filed without objection for the purpose of entering a plea of guilty. It was further stipulated that if at a subsequent time the plea be withdrawn for any reason, the information could be re-amended to allege the charges contained in the original information. At the later arraignment, the trial court questioned the defendant as to the voluntariness of his plea of guilty. The Court found that the entry of the plea of guilty had been "knowingly, voluntarily and intelligently made". On 22 March 1967, the defendant was sentenced to serve a term of not less than three years nor more than ten years in the

Arizona State Prison. The defendant was represented at the time of sentencing by the Public Defender's office.

After the defendant had been sentenced he mailed a handwritten document entitled "Motion for Appeal" to Division One, Court of Appeals. The defendant set forth several grounds in support of his motion for appeal and the Court of Appeals sent this document to the Superior Court with directions that it be treated as a notice of appeal. The Public Defender's office was notified and a brief was submitted by the Public Defender on behalf of the defendant. The defendant also submitted a handwritten document in his own behalf setting forth several grounds as a basis for reversal of the judgment of the trial court. He stated, among other things, that he had not been properly represented by legal counsel at crucial points in the proceedings and that he had been coerced into entering a plea of guilty. We have reviewed the records in this case and find no basis to support the defendant's allegations. He was well represented at all stages of the proceedings by the Public Defender's office and there is no indication in the record that he was coerced into pleading guilty. We have reviewed all of the matters which the defendant personally urged.

In the brief submitted on behalf of the defendant by the Public Defender's office, one question was presented for review, namely, "Was the defendant coerced into pleading guilty to the offense charged in the amended information?" The argument in support of the proposition that the defendant was coerced into pleading guilty to the offense charged in the amended information is based on two grounds. First, the two charges filed in the original information were very serious charges which could cause the defendant, if found guilty

to any one of them, to be sentenced for a long period of imprisonment. Second, an information charging a lesser offense would have the effect of causing the defendant to plead guilty to the lesser offense in order to avoid the chance of being found guilty of the more serious charges. Under the procedural circumstances he is deemed to have waived his right to a preliminary hearing on the Grand Theft charge. State v. White, 102 Ariz. 18, 423 P.2d 716 (1967).

We have reviewed the record of the proceedings which took place at the preliminary hearing before the Justice of the Peace. In our opinion, there were adequate grounds presented at the preliminary hearing to support the original two count information. It appears from the record in this case that the defendant was fully aware of the possible consequences if he were to plead guilty to the amended information. We hold that the record completely sustains the finding of the trial court that the defendant knowingly, voluntarily and intelligently entered his plea of guilty to the amended information and that the defendant was not coerced into pleading guilty. We have previously held that pleading guilty to a lesser offense is a permissible and acknowledged part of the criminal procedure of this jurisdiction. State v. Amey, 7 Ariz.App. 59, 436 P.2d 153 (1968). Our Supreme Court has also sanctioned "bargaining for pleas" between the defendant and the County Attorney. State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963). We hold that the mere fact that there may have been a "bargaining for pleas", does not, standing alone, create an inference that a guilty plea was coerced.

Judgment affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.