450 P.2d 411

The STATE of Arizona, Appellee,

v.

Tommy POPEJOY, Appellant.

No. 1 CA–CR 166.

Court of Appeals of Arizona.

Feb. 17, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag and John W. Keogh, Asst. Attys. Gen., for appellee.

Terrence Starr Leek, Bullhead City, for appellant.

DONOFRIO, Chief Judge.

Defendant, Tommy Popejoy, was arrested in California by Los Angeles officials and by the Mohave County Sheriff and a deputy. The officers first came to defendant's residence on the 19th day of January, 1968. It was at this time that they saw several items which they suspected were stolen articles. These items were stacked underneath the porch of the house. Later that day the officers returned and were admitted into the house by a part-time tenant. The officers remained in the house until 3:00 or 4:00 in the morning when they arrested the defendant and his wife as they returned home. Both defendant and his wife subsequently waived extradition and were returned to Mohave County, Arizona.

Defendant pleaded guilty to a charge of burglary in the first degree and was subsequently sentenced to a term of not less than eight years nor more than fifteen years in the Arizona State Prison. His wife was sentenced to a term of not less than five years nor more than ten years also for first decree burglary. The wife's conviction and sentence are not before this Court in relation to the husband's appeal. At the time of the sentencing and judgment the defendant estimated that he had committed about seventeen burglaries in Arizona, and "not more than thirty" in California. On several of these burglaries

his wife and children went along, with his wife participating in the burglaries and the children watching.

The court subsequently ordered a hearing as to the voluntariness of defendant's plea. An attorney was appointed to represent him at the hearing. At this hearing defendant testified that he was told that if he waived extradition, waived the right to an attorney, and pleaded guilty to first-degree burglary, defendant's wife was to get probation and defendant was to get a light sentence. This was denied by the law enforcement officers and the County Attorney involved. Defendant also testified that he knew the County Attorney could recommend only the type of sentence—that the last word was by the judge who could do what he thought was best.

Defendant was charged with one count of burglary in violation of A.R.S. § 13–301 and § 13–302. It appears that sufficient evidence was available to prosecute him on many other charges, and that the possible consecutive sentences on these matters would add up to many more years than the term to which defendant was actually sentenced. This situation is an example of what has been called in Arizona "plea bargaining". "Plea bargaining" has been considered an acceptable alternative to the trial and results have been approved as speedy justice to society and the accused. State v. Jennings, 104 Ariz. 3, 448 P.2d 59 (1968), Modified on Rehearing, 104 Ariz. 159, 449 P.2d 938 (Feb. 4, 1969); State v. Williamson, 104 Ariz. 9, 448 P. 2d 65 (1968); Commonwealth ex rel. Kerekes v. Maroney, 423 Pa. 337, 223 A.2d 699 (1966).

█ When considering any case where "plea bargaining" has been shown to occur, the Court is cognizant that abuses may result and caution is taken by the Court when it reviews the proceedings on appeal. As was pointed out by the Arizona Supreme Court:

"The courts are careful to see that the plea of guilty is made voluntarily, after proper advice and explanation by the court with a full understanding of its consequences. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Scott v. United States, 6th Cir., 349 F.2d 641, 643; and Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91. The question, then, in the instant case, is whether defendant was properly advised of his rights by counsel and by the court and whether there was a proper understanding by defendant of what could happen as a result of his guilty plea." State v. Jennings, 448 P.2d 59 at page 61.

In determining this we must look at the record. The record shows that the judge interrogated the defendant quite thoroughly before accepting his plea of guilty.

"THE COURT: At the arraignment you have important rights before entering your plea of guilty. By your plea of guilty to the charge you are admitting that you are guilty of the commission of the crime and waive your right to a jury trial and all the elements of proof as to whether or not you are guilty of the charge against you.

"You are entitled to and have the right to hire your own attorney, or if you do desire the aid of counsel, and the Court finds you are without funds, then the Court would appoint one to represent you with no cost to you.

"What is your desire?

"MR. POPEJOY: No, sir, I don't."

\*    \*    \*    \*    \*    \*

"THE COURT: The record will show that the Defendant has entered a plea of Guilty to the charge of Burglary, First Degree, as set forth in the Information.

"Let me tell you a little bit more about this, and I have already explained to you about the possible penalty that could be imposed. If the Court wanted to, the Court could sentence you to a term in the Arizona State Prison of from one to

fifteen years, and if you are convicted of a felony, you lose other rights as well. You lose your right to hold public office in the State of Arizona. You lose your right to hold any position which requires the furnishing of a bond, and in some states you have to register as having been convicted of a felony. Also, you lose your right to vote and to serve in the Armed Forces. Do you understand that?

"MR. POPEJOY: Yes, sir.

"THE COURT: Also, I would ask you, has anybody made any promises to you if you would enter this plea of guilty?

"MR. POPEJOY: No, sir.

"THE COURT: Has anybody exercised any influence or made any threats to force you in any way to enter this plea?

"MR. POPEJOY: No, sir."

■ At the hearing to determine the voluntariness of defendant's plea, there was substantial evidence to sustain a finding of voluntariness. The defendant acknowledged that he knew that despite promises which he asserts were made to him by the police and County Attorney, the judge could still give him a maximum sentence. There was testimony by the law enforcement officers and the County Attorney that no such promises were even made or intimated. We therefore affirm the court's finding of voluntariness of defendant's plea. State v. Denton, 101 Ariz. 455, 420 P.2d 930 (1966).

■ The defendant also raises the question as to whether his arrest was made in violation of the Fourth and Fourteenth Amendments to the United States Constitution. It is his contention that no warrant was issued for his arrest. This is a nonjurisdictional question. It is the law of this state that when a defendant voluntarily and knowingly pleads guilty, he waives all nonjurisdictional defenses, defects and irregularities. State v. Martinez, 102 Ariz. 215, 427 P.2d 533 (1967); State v. Cuzick, 5 Ariz.App. 498, 428 P.2d 443 (1967).

We therefore hold that there was sufficient evidence for the trial court to determine that defendant's plea was voluntarily and knowingly made. The plea having been voluntarily and knowingly made, the defendant is considered to have waived all nonjurisdictional defenses urged herein.

Affirmed.

STEVENS and CAMERON, JJ., concur.