457 P.2d 719

**STATE of Arizona, Appellee,**

v.

**Samuel James TURNBAUGH, Appellant.**

**No. I CA–CR I46.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 5, 1969.

Rehearing Denied Sept. 17, 1969.
Review Denied Nov. 4, 1969.

---

Gary K. Nelson, Atty. Gen., by Carl Waag, Sp. Asst. Atty. Gen., for appellee.

Wilmoth & Goldman, by Robert E. Wilmoth, Phoenix, for appellant.

STEVENS, Judge.

Samuel James Turnbaugh, appellant herein, and Ronald Lee Crocker, appellant in cause number 1 CA–CR 147 (appeal dismissed 27 March, 1968) were jointly charged by information with the offenses of grand theft (A.R.S. § 13–663), aggravated assault and battery (A.R.S. § 13–245), robbery (A.R.S. § 13–641), and kidnapping (A.R.S. § 13–491). An extensive preliminary hearing was held prior to the filing of the information. The defendants were represented by an attorney at the preliminary. The information also alleged prior convictions for both defendants. On 4 August, 1967, defendants appeared in the Superior Court with their attorney, whereupon the following proceedings transpired:

"THE COURT: * * * Do you wish to enter a new plea then at this time, Mr. Lincoln?

MR. LINCOLN: Both defendants do, your honor.

THE COURT: Do you waive the reading of the information before you enter your plea?

MR. LINCOLN: We do.

* * * * * *

THE COURT: Count One of the Information charges you with the crime of aggravated assault, and I assume that you have discussed the possible punishment with your attorney and you are familiar with this.

MR. TURNBAUGH: Yes, sir.

THE COURT: What is your plea?

MR. TURNBAUGH: Guilty.

THE COURT: Count Two charges you with the crime of grand theft, and I assume that you have also discussed the nature of this crime with your attorney and you are aware of the possible consequences.

MR. TURNBAUGH: Yes, sir.

THE COURT: What is your plea to Count Two?

MR. TURNBAUGH: Guilty."

The robbery and kidnapping charges, as well as the allegations of prior convictions, were dropped pursuant to motion of the county attorney's office. Defendants were adjudged guilty and sentenced to imprisonment for a period of not less than four nor more than five years for aggravated assault and battery, and not less than eight nor more than ten years for grand theft, the sentences to run consecutively.

Turnbaugh filed a notice of appeal on 15 September, 1967. Crocker filed his notice of appeal on 18 September, 1967. During the pendency of the Crocker appeal certain procedural steps were taken and on his motion his appeal was dismissed on 27 March, 1968.

Subsequent to the filing of the Turnbaugh notice of appeal but prior to the filing of his opening brief, Turnbaugh swore to and filed a petition with this Court bearing the title, "Petition For The Return Of Record On Appeal To The Trial Court With Orders To Make Findings Not Heretofore Entered Of Record." In his petition, Turnbaugh urged that he was improperly induced to enter a plea of guilty and that there was a conflict of interest by reason of the representation of Turnbaugh and Crocker by the same attorney. His petition prayed for an order directing the Superior Court to hold a hearing for the purpose of determining whether the plea of guilty was voluntary and whether there was a conflict of interest. On 18 October, 1968, this Court

entered an order granting the petition for the purpose of enlarging the record in relation to the issues of voluntariness of plea and conflict of interest. State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966); State v. Janovic, 101 Ariz. 203, 417 P.2d 527 (1966). The trial court thereafter held the hearing and rendered findings of fact which were adverse to Turnbaugh. Turnbaugh thereafter filed objections to the court's findings, the objections were overruled, and the record of the hearing was transmitted to this Court.

The basic issue presented for our consideration concerns the sufficiency of the evidence to support the trial court's findings that defendant's pleas of guilty were voluntary and that there was no conflict of interest arising from the representation of defendant and Crocker by the same attorney.

The findings of fact rendered by the trial court on 26 December, 1968 appear as follows:

"1. That at the time of entering his plea of GUILTY on the 4th day of August, 1967, the defendant fully understood the nature of the charges pending against him as well as the possible consequences involved in entering a plea of GUILTY.

2. That at the time of entering said plea, the defendant did so freely, voluntarily, knowingly and intelligently.

3. That said plea was not the result of threats, duress, trick, fraud, false promises, coercion, or undue influence.

4. That defendant's former counsel Kenneth J. Lincoln, was not guilty of any improper conduct in his representation of the defendant.

5. That no conflict of interest existed which prevented the defendant's former counsel, Kenneth J. Lincoln, from representing said defendant as well as the co-defendant Ronald Lee Crocker."

■ Defendant contends that his plea of guilty was involuntary in two respects. It is first urged that it is not enough that

he be informed of the charges against him and the possible minimum and maximum length of punishment which may be imposed, but rather that he must be advised of all possible consequences of a guilty plea such as the loss of right to trial by jury, the loss of right to present a defense, and the loss of citizenship rights. In support of this position defendant relies upon Woods v. Rhay, 68 Wash.2d 601, 414 P.2d 601 (1966), wherein the Supreme Court of Washington stated:

"To be voluntary, a plea of guilty must be freely, unequivocally, intelligently and understandingly made in open court by the accused person with full knowledge of his legal and constitutional rights and of the consequences of his act. It cannot be the product of or induced by coercive threat, fear, persuasion, promise or deception.

\* \* \* \* \* \*

Before accepting a plea of guilty from an accused person, it is the duty and responsibility of the trial judge to satisfy himself that the plea is in fact voluntary, and to ascertain that the accused person fully appreciates and understands the consequences of his plea."

We agree with the pronouncements in *Woods* concerning the voluntariness requirements of a plea of guilty. See State v. Popejoy, 9 Ariz.App. 170, 450 P.2d 411 (1969); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, we do not believe *Woods* supports defendant in his contention that a plea of guilty is to be deemed involuntary unless the accused has been advised of every possible consequence of his plea. In our opinion the case of State v. Griswold, 105 Ariz. 1, 457 P.2d 331, decided on 23 July, 1969, supports our views.

The transcript of the hearing conducted by the trial court pursuant to this Court's order discloses ample evidence from which the trial court could conclude that defendant's plea of guilty was knowingly and intelligently entered. Defendant had a record of several prior convictions. He was represented by counsel at every stage of the proceeding from the preliminary hearing forward. He conferred with his attorney on several occasions in relation to the possible sentences which might be imposed if he pled guilty. He was advised of the minimum and maximum sentences. Although he was advised that his sentences might be concurrent, this was not guaranteed. He was further advised that he would most likely receive a different sentence than Crocker who had less criminal experience.

■ It is next urged that the plea was involuntary because induced by coercion and undue influence stemming from agreements made by his attorney with the county attorney. The agreements complained of concern the promise of the county attorney to drop the robbery and kidnapping charges as well as the allegations of prior conviction in return for defendant's plea of guilty to the lesser offenses. He also urged a purported agreement relating to the return of money taken from defendant when he was arrested, and to an assertion that his counsel would prepare the presentencing report.

The mere fact that defendant's attorney and the county attorney engaged in negotiations commonly termed "plea bargaining" does not in itself raise an inference of coercion. State v. Olbekson, 7 Ariz. App. 474, 441 P.2d 71 (1968). Such practices are recognized as an acceptable alternative to trial and are often beneficial to both society and the accused in achieving speedy justice. State v. Popejoy; State v. Williamson, 104 Ariz. 9, 448 P.2d 65 (1968). There was ample evidence presented at the preliminary hearing to support the magistrate's finding of probable cause in relation to the robbery and kidnapping charges. The dismissal of these charges by the county attorney upon the entry of defendant's plea of guilty to the lesser charges was a matter resting within the county attorney's sound discretion. State v. Stewart, 103 Ariz. 457, 445 P.2d 433

(1968). We find no abuse of this discretion.

There is also sufficient evidence to support the apparent finding of the trial court that the defendant's plea was neither induced by a purported agreement of the county attorney to return money taken from defendant at the time of his arrest, nor that it was induced by a purported arrangement whereby defendant's attorney was to be permitted to prepare the presentencing report.

We hold there is sufficient evidence to support the trial court's determination that defendant knowingly, intelligently, and voluntarily entered his plea of guilty without coercion or undue influence.

█ Defendant last contends that the trial court erred in finding no conflict of interest arising out of the representation of defendant and Crocker by the same attorney because defendant at one time, had informed his attorney that he would take the stand if the matter went to trial. We quote defendant's testimony as follows:

"Well, I said if we go to trial with this, I said I want to take the stand, and he paused a minute and said well, we sure don't want to put you on the stand, he said with your record and everything, he said, they are not going to believe anything you say. So, there was nothing more said about it."

In State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), our Supreme Court discussed the problem of conflict of interest as follows:

"Plainly, where a lawyer undertakes to represent two or more co-defendants and an actual conflict of interest exists, courts will not weigh the quantity of prejudice which may have resulted to one or the other. Reversible error will be presumed. But an actual conflict must in fact, have existed or been inherent in the facts of the case from which the possibility of prejudice flowed. From our examination of the precedents, we have reached the conclusion that an attorney may, in good faith, represent co-defendants until such time as a conflict arises or can reasonably be foreseen."

We are of the opinion that the above-quoted testimony of defendant merely discloses a difference of opinion concerning trial defense strategy and does not portray an actual conflict of interest depriving defendant of his right to effective assistance of counsel. The possibility of a conflict was, at best, remote; the matter never went to trial. We believe the finding of the trial court is supported by the testimony of defendant's attorney:

"Q. At the time that you were representing these defendants did you see any form of a conflict in representing both of them?

A. None whatsoever.

Q. Do you at this time see any possible conflict when you were representing them?

A. No.

Q. Do you feel there is any possible conflict in representing two defendants, one of whom has a substantial record and one who has a light record, and recommending they both plead guilty?

A. No, none whatsoever. I think they are making mountains out of mole hills if you find a conflict in that.

Q. In discussing these matters with the Defendants was it your personal opinion that, as a lawyer, that they were equally guilty or innocent of the same crimes?

A. It was.

Q. You saw no difference as to the guilt or innocence of either party?

A. My opinion of the circumstances of leading up to the fact that they were charged with the crimes was that they were equal participants in all of the events that took place, from their story as well as from the testimony that came out at the preliminary hearing which was quite

184

long and quite involved. It was my feeling at the time that their participation was so intertwined between the two of them that if one was guilty of any of the four crimes or all of the four crimes with which they were charged that they were equally guilty. There was no differentiation at all as to the guilt or innocence of crime."

Our reading of the reporter's transcript of the preliminary hearing supports the opinions expressed by counsel. We hold the trial court properly found no conflict of interest which deprived defendant of his right to effective assistance of counsel.

The only issues raised by defendant in the appeal are those discussed above in relation to the voluntariness of his plea of guilty and conflict of interest. In addition to our review of these issues we have also examined the record of all the proceedings from the preliminary hearing forward for the existence of error. We find no error.

The judgment is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.