493 P.2d 1205

The STATE of Arizona, Appellee,
v.
James Robert BUSH, Appellant.
No. 2240.

Supreme Court of Arizona,
In Division.
Feb. 24, 1972.

Gary K. Nelson, Atty. Gen., by John S. O'Dowd and Jack M. McCormick, Asst. Attys. Gen., Phoenix, for appellee.

Howard A. Kashman, Pima County Public Defender, by Eleanor Daru Schorr, Deputy Public Defender, Tucson, for appellant.

CAMERON, Vice Chief Justice.

This is a delayed appeal from a judgment of guilt as a result of pleas of guilty to one count of aggravated assault and one count of robbery with concurrent sentences of not less than three nor more than five years and not less than ten nor more than twelve years.

We need consider only one question: Was it error for the trial court to refuse to allow appointed defense counsel to withdraw as counsel for defendant after counsel informed the court that a conflict existed between the appellant and his co-defendant?

The facts necessary for a determination of this matter are as follows. On 15 August 1967, a criminal complaint was filed charging defendant Bush, along with David Martinez Laguna and David Aguilar Valenzuela, with robbery, assault with intent to commit robbery, and aggravated assault. The defendants Bush and Valenzuela were "bound over" to the Superior Court and on 1 September 1967, an information was filed against defendant and Valenzuela for assault with intent to commit robbery, aggravated assault, and robbery. Both defendants entered pleas of "not guilty" and counsel, Ronald W. Sommer, was appointed to represent them.

Counsel, on 30 October 1967, made the following written motion to the trial court:

"RONALD W. SOMMER, appointed by this honorable Court to represent both of the above-named defendants, hereby requests that he be permitted to withdraw as counsel for JAMES ROBERT BUSH and continue only as counsel for DAVID AGUILAR VALENZUELA. This request is made for the following reasons:

"1) Defendant BUSH has refused to cooperate with counsel in the preparation of the case for defense at trial;

"2) Counsel has become convinced that a conflict exists between the interests of the defendants and that he cannot in good conscience represent them both. Counsel has decided that it is in the best interest of defendant VALENZUELA that he take the stand in his own defense. VALENZUELA'S testimony, however, will be damaging to his co-defendant. If counsel must represent BUSH also then he would feel obligated to prevent such testimony from coming out. Therefore, BUSH should be given separate counsel."

Attached was an affidavit by the co-defendant Aguilar Valenzuela:

"DAVID AGUILAR VALENZUELA, a defendant in case No. A–16057 in The Superior Court of Arizona, In and For

Pima County, makes this affidavit at the request of his attorney, RONALD W. SOMMER, for the purposes of supporting the request of said attorney that he be allowed to withdraw as counsel for affiant's co-defendant, for no other purpose, and in the express understanding that he does not hereby waive his rights against self-incrimination under the Constitutions of the United States or the State of Arizona.

"STATE OF ARIZONA)
                  )
COUNTY OF PIMA   )

"Being first duly sworn, DAVID AGUILAR VALENZUELA deposes and says:

"1) that he is a defendant in the above-named case No. A–16057;

"2) that upon the advice of his attorney he intends to take the witness stand in his own defense at the trial of his case;

"3) that in his testimony he will admit to being present at an incident in Tucson, Arizona, which led to charges being brought against him and for which he will be tried before this Court;

"4) that his testimony will implicate JAMES ROBERT BUSH, a co-defendant in case No. A–16057, and attribute to him certain acts which were in violation of the laws of the State of Arizona."

The defendant's motion was opposed as follows:

"COMES NOW the Pima County Attorney, WILLIAM J. SCHAFER III, by and through his deputy, HORTON C. WEISS, and opposes the request for leave to withdraw as counsel and for new counsel to be appointed for one defendant (BUSH), and asks that this motion be denied for the following reasons:

1. Counsel's motion to withdraw, as counsel, has heretofore been denied by this honorable court;

2. No sufficient showing has been made of a conflict of interest;

3. If counsel is permitted to withdraw as to one defendant and permitted to represent the other, the conflict of interest will continue to exist as to the defendant not represented by counsel."

The motion for leave to withdraw as counsel for defendant Bush was denied. The jury was selected on 5 December 1967 and on the 6th, after counsel made their opening statements, defendants' attorney informed the court, in the absence of the jury, that both defendants wished to change their pleas to guilty to robbery and aggravated assault.

After extensive interrogation by the court, the pleas were accepted, judgment entered, and sentence imposed as indicated.

We granted defendant's motion for delayed appeal on 5 February 1971 and counsel was appointed to represent him.

## WAS IT ERROR FOR THE TRIAL COURT TO REFUSE TO ALLOW DEFENSE COUNSEL TO WITHDRAW?

■ Throughout the criminal process, a criminal defendant has a right to effective assistance of counsel who is untrammeled by possible conflicts of interest:

"To determine the precise degree of prejudice sustained by Glasser as a result of the court's appointment of Stewart as counsel for Kretske is at once difficult and unnecessary. The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial. (citations omitted) * * *." Glasser v. United States, 315 U.S. 60, 75–76, 62 S.Ct. 457, 86 L.Ed. 680, 702 (1941).

And we have stated:

"* * * Plainly, where a lawyer undertakes to represent two or more co-defendants and an actual conflict of interest exists, courts will not weigh the quantity of prejudice which may have resulted to one or the other. Reversible error will be presumed. But an actual conflict must, in fact, have existed or been inherent in the facts of the case

from which the possibility of prejudice flowed." State v. Krutchen, 101 Ariz. 186, 199, 417 P.2d 510, 523 (1966), cert. den. 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed. 2d 687 (1967).

And:

"The above stated facts show clearly that counsel representing the appellant was not able to call to the stand and question a witness, desired by the appellant, because to do so would conflict with counsel's representation of that witness. We therefore must agree with appellant's contention that a conflict of interest existed which requires the reversal of his conviction. * * *." State v. Belcher, 106 Ariz. 170, 171, 472 P.2d 39, 40 (1970).

Any doubt should be resolved in favor of granting the motion for separate counsel. In the instant case, the uncontroverted affidavit of the attorney and the co-defendant, Valenzuela, shows a clear conflict of interest and it was error not to grant the motion.

Our conclusion here should be distinguished from a situation wherein no defenses or strategy had been presented by either co-defendant which would indicate a conflict of interest: "The mere possibility of a future conflict of interests developing by an attorney representing different interests is not sufficient to disqualify him." State v. Garaygordobil, 89 Ariz. 161, 164, 359 P.2d 753, 755 (1961); and see State v. Sowards, 99 Ariz. 22, 406 P.2d 202 (1965) and Williams v. State (Fla. App.), 214 So.2d 29 (1968). Where the attorney specifically disavows the possibility of conflict and "the possibility of a conflict was, at best, remote * * *", State v. Turnbaugh, 10 Ariz.App. 179, 183, 457 P.2d 719, 723 (1969), error will not be presumed. In the instant case, there was presented, by affidavit, differing defenses and strategies as well as a clear showing of a conflict.

Reversed and remanded for new trial.

HAYS, C. J., and HOLOHAN, J., concur.