NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GABRIEL L. LEWIS, *Petitioner*.

No. 1 CA-CR 24-0499 PRPC

FILED 04-01-2025

Petition for Review the Superior Court in Maricopa County
No. CR2022-101444-001
The Honorable Chuck Whitehead, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Gabriel Lawrence Lewis, Phoenix
*Petitioner*

---

## MEMORANDUM DECISION

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Vice Chief Judge Randall M. Howe joined.

---

**J A C O B S**, Judge:

**¶1**         Gabriel Lewis petitions this Court for review from the superior court's dismissal of his first petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 33.  For the following reasons, we grant review but deny relief.

### FACTS AND PROCEDURAL HISTORY

**¶2**         In January 2022, Lewis was approached by an officer for suspected criminal trespassing.  Following a records check, the officer arrested Lewis because he had an active misdemeanor warrant.  Officers conducted a search incident to arrest on Lewis, in which they found three blue pills.  He was then transported to the police station where a folded ten-dollar bill fell from his underwear.  There was a crystal white substance inside the bill, later confirmed to be methamphetamine.  The officer noted in his probable cause statement that Lewis was documented into "Gangnet" as a "Paisas gang member and Arizona Mexican Mafia gang member."

**¶3**         That day, the State charged Lewis with third-degree criminal trespass, a class three misdemeanor, and possession or use of dangerous drugs, a class four felony.  A supervening indictment filed in August 2022 charged Lewis only with possession or use of dangerous drugs, a class four felony.

**¶4**         On April 19, 2023, Lewis entered a plea, agreeing to plead guilty to possession or use of dangerous drugs, a class four felony. *See* A.R.S. § 13-3401.  Thereafter, the superior court sentenced Lewis to three years supervised probation starting October 11, 2023, requiring Lewis to serve ten months in county jail with 260 days credit starting that day.  His presentence credit was later corrected to 278 days.

**¶5**         On October 23, 2023, Lewis filed his first petition for post-conviction relief under Rule 33.  He alleged: (1) his plea was obtained in violation of the United States or Arizona constitutions, as he was denied the

right to representation by a competent and effective lawyer; (2) his plea was in violation other rights; (3) the court did not have subject matter jurisdiction to render judgment or impose a sentence; and (4) newly discovered material facts probably exist, and those facts would have changed the judgment or sentence. Thereafter, the court appointed Rule 33 counsel.

¶6            On February 22, 2024, Rule 33 counsel filed her Notice of Completion of Post-Conviction Review by Counsel and Request for 45 Day Extension of Time to Allow Defendant to File Pro Per Petition for Post-Conviction Relief. Counsel informed the court she had "not identified any colorable claims for [post-conviction] relief." The court then ordered Lewis to file a pro per petition for post-conviction relief no later than April 22, 2024, and required defense counsel to remain in an advisory capacity.

¶7            On March 1, 2024, the State filed a petition to revoke Lewis' probation alleging he had committed several felonies.

¶8            On April 3, 2024, Lewis moved for discovery, seeking "discovery from intel gang unit as of [his] affiliation to the Mexican mafia." On April 17, 2024, Lewis, then in custody, filed his pro per petition for Rule 33 relief. He alleged ineffective assistance of post-conviction relief counsel and trial counsel, as they did not help him rebut the claim that he was a member of the Mexican mafia, which he asserts was the basis of his arrest. He alleges his Second and Fourth Amendment rights were violated through a prior assault charge and in his current case. He also asked the court to remove his "improper party status" as a Mexican mafia member, indicating the officer's probable cause statement from his arrest suggested he was gang-affiliated, which Lewis asserted was false. He contended the warrant for his arrest should have been quashed, making his arrest unlawful. The court dismissed Lewis' petition, finding no colorable claim for relief. Lewis sought review, and we have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. § 13-4239(C).

**DISCUSSION**

¶9            Lewis argues the superior court erred by dismissing his Rule 33 petition for post-conviction relief because: (1) both his trial counsel and post-conviction relief counsel were ineffective; (2) he was unlawfully arrested; (3) he was denied discovery and disclosure; and (4) the court failed to remove his "improper party status."

¶10           Absent an abuse of discretion or error of law, this Court will not disturb a superior court's ruling on a petition for post-conviction relief.

3

*See State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). It is petitioner's burden to show that the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011) (recognizing that petitioner has burden of establishing abuse of discretion on review). The superior court may dismiss a petition if it fails to state a colorable claim for post-conviction relief. *State v. Kolmann*, 239 Ariz. 157, 160 ¶ 8 (2016); Ariz. R. Crim. P. 33.11(a). Lewis fails to show any abuse of discretion in his petition.

¶11      *First,* Lewis is precluded from arguing in his petition that trial counsel failed to obtain discovery or disclosure and that he was denied discovery or disclosure because he waived his right to discovery by entering a guilty plea. Ariz. R. Crim. P. 33.2(a)(1); *see also Canion v. Cole*, 210 Ariz. 598, 599-600 ¶¶ 7, 9 (2005) (finding post-conviction relief rules provide no process for obtaining discovery and impose no disclosure obligations).

¶12      *Second*, Lewis cannot assert ineffective assistance of post-conviction relief counsel because the first petition is currently on review and post-conviction relief counsel is serving in advisory capacity. *See* Ariz. R. Crim. P. 33.2(b)(2) ("A defendant is not precluded from filing a timely second notice requesting post-conviction relief claiming ineffective assistance of counsel in the first Rule 33 post-conviction proceeding."); *State v. Mendoza*, 249 Ariz. 180, 184 ¶ 12 (App. 2020) (stating defendant cannot bring a claim of ineffective assistance of counsel for Rule 33 counsel in first proceeding for post-conviction relief).

¶13      *Third,* Lewis argues he was unlawfully arrested as the warrant for his arrest was invalid because it should have been quashed after he was jailed for assault. He also argues officers left material facts relating to his arrest out of the warrant. But Lewis waived these arguments by entering his guilty plea. Ariz. R. Crim. P. 33.2(a)(1); *see State v. Hamilton*, 142 Ariz. 91, 94 (1984) ("It is well established that entry of a valid guilty plea[] forecloses a defendant from raising nonjurisdictional defects." (cleaned up)); *State v. Popejoy*, 9 Ariz. App. 170, 172 (1969) (recognizing an arrest warrant defect as a nonjurisdictional question).

¶14      *Fourth*, Lewis asserts the superior court erred because he is entitled to relief because he was designated with an "improper party status" before he entered his plea, and currently still holds the status. He contends his designation as a gang member is incorrect and may have led to his arrest in this case and affected his plea. But the plea did not require Lewis to admit he was a gang member nor did the charges or sentences refer to his alleged status as a gang member. Trial counsel also advised the

court during sentencing that Lewis was not a gang member. Lewis cannot demonstrate a colorable claim because this "improper party status" did not impact his plea. *See State v. Runningeagle*, 176 Ariz. 59, 63 (1993) (stating a colorable claim is one where, if the allegations are true, might have changed the outcome). Thus, the superior court did not abuse its discretion in finding no cognizable claim for post-conviction relief.

## CONCLUSION

¶**15** For the foregoing reasons, we grant review but deny relief. Lewis also filed his Notice of Application for Default while his Petition for Review was pending before the Court. Because the Notice of Application for Default advances the same requests as the Petition for Review, we deny it.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:                JR